■ BURTON SIMPSON, Respondent, v. HARRY KOSSAR, Appellant.— Appeal by the defendant from a judgment of $45,000, plus costs, entered upon the verdict of the jury in a negligence case after a trial in Supreme Court, Ulster County. Plaintiff was a truck driver employed by the Ellenville Lumber Company, and his duties required him to deliver various building materials. Defendant was engaged in a building development in the village of Ellenville. On the 8th day of July, 1954, plaintiff was injured upon the premises of the defendant when he was attempting to deliver some building material, among other things some wooden doors. There was an open ditch between two houses in the process of construction on the development premises and some unconnected planks had been placed over the ditch between the houses by defendant's employees with the knowledge of his foreman. The planks were approximately 2 inches thick, 10 inches wide, and their length was variously estimated as from 12 to 15 feet. While plaintiff was walking across this plank passageway, and carrying two doors, one of the planks gave way and plaintiff fell to the bottom of the ditch, straddling one broken end with his back, groin and spine. The jury could find that there were several knots in the plank which broke, each one of which was about the size of a silver dollar. As a result of the accident plaintiff suffered pain in his groin and in the lower part of his back and spine. Ultimately his injury was diagnosed as a herniated disc, with attendant pain and disability. The issue of liability was vigorously

contested but we think on the whole record that fair issues of fact in this regard were presented by the testimony. Plaintiff was a business invitee and had a right to use the plank crossing in question. It was for the jury to say whether defendant, acting through his employees, exercised due care to see that the crossing was reasonably safe. A contention is made by the appellant that the charge of the Trial Justice was erroneous in that he submitted to the jury the claim of the plaintiff that the planking constituted a hazard and a trap. It is true that the Trial Justice did use the word "trap" but from our examination of his language we do not find that he submitted to the jury the question of whether the planking was a trap. He merely submitted the issue of whether the planking was dangerous and defective to such an extent that a reasonably careful and prudent person would not have permitted it to exist. On the issue of liability we find no errors sufficient to require a reversal of the judgment, and in our opinion the verdict was not against the weight of evidence on that issue. However, we are concerned with the size of the verdict which we regard as grossly excessive under all of the medical proof plus the testimony of the plaintiff himself. Judgment reversed and a new trial directed unless plaintiff, within 10 days after the entry of an order herein, stipulates to reduce the verdict to the sum of $25,000, plus costs, and in the event of such a stipulation the judgment, as thus modified, is affirmed, with costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.